IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY APPLEBY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALEX FARHAT,<br><br>　　　　Defendant. | No. 2:20-CV-02113-WBS-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action. Pending before the Court is Plaintiff's motion, ECF No. 20, for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in civil rights cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect

to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. According to Plaintiff, appointment of counsel is warranted because: (1) Plaintiff has only been able to file documents in this case with the help of a fellow inmate; (2) the fellow inmate is getting transferred; (3) no one else is likely to help Plaintiff; and (4) Plaintiff's mental and physical illnesses make him too disabled to represent himself. See ECF No. 20, pg. 2-3.

These circumstances are not the type of exceptional circumstances necessary for the appointment of counsel. Plaintiff's only viable argument is his mental and physical illnesses of which he provides documentation. See id. at 5-19. However, the medical documents suggest that Plaintiff's language is clear, his attention and concentration is intact, his thoughts are linear, and has normal cognition. See id. at 13-14. Additionally, it appears that Plaintiff himself articulated the allegations within the complaint. Further, Plaintiff has not made any showing of a particular likelihood of success at this early stage.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 20, is denied.

Dated: November 5, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE