IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY APPLEBY,<br><br>        Plaintiff,<br><br>    v.<br><br>ALEX FARHAT,<br><br>        Defendant. | No. 2:20-CV-2113-WBS-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 32.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff has previously requested appointed counsel. See ECF No. 20. Plaintiff's motion was denied due to a lack of exceptional circumstances, and Plaintiff's apparent ability to articulate himself. See ECF No. 23. In his new motion, Plaintiff does not allege any changed conditions that would give rise to exceptional circumstances, only that he is "not educated in the field of law" and has "difficulty articulating the claims he wish [sic] to present". ECF No. 32. Additionally, since the previous denial of Plaintiff's motion to appoint counsel, he has been able to timely and clearly present other motions including requests for extensions of time, and a Motion for Discovery. See, e.g., ECF No. 28; ECF No. 30; ECF No. 33. Finally, Plaintiff has not made any showing that there is a particular likelihood of success on the merits at this stage of the action.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 32, is denied.

Dated: June 2, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE